# Hinson *v.* Brooks.

*Bill in Equity for Account, and Cancellation of Mortgage.*

· 1.　*Injunction of sale under mortgage before account, notwithstanding denials of answer.*—When the bill seeks an injunction of a sale under a mortgage, and an account of the mortgage debt, alleging full payment and satisfaction thereof; while the answer, denying the allegation of payment, speaks doubtingly of the amount due, and admits that the property is worth at least double the balance claimed to be due; the accounts being complicated, and the original parties dead, "the safe rule is, to retain the injunction until the account is taken."

2.　*Waiver of right of revision by appeal.*—When the record shows that, after the overruling of a motion to dissolve the injunction on the denials of the answer, a decretal order of reference of the matters of account was made with the consent of the parties, such consent operates as a waiver of the right to review, by appeal, the order refusing to dissolve the injunction.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 30th November, 1880, by Mrs. Edy Brooks, as the administratrix of the estate of Frank Brooks, deceased, against Joseph L. Hinson; and sought an injunction of a sale of certain lands, under a power contained in a mortgage executed by said Frank Brooks in his life time, an account of the mortgage debt, and general relief. The mortgage, a copy of which was made an exhibit to the bill, was dated 21st September, 1870; was given to secure the payment of three promissory notes, for $2,500 each, of even date with the mortgage, and falling due on the 20th November, 1870, 1871, and 1872, respectively; and conveyed to the mortgagee, John J. Daniels, certain lands and personal property, particularly described, with power of sale, if default should be made in the payment of the notes at maturity, the notes having been given for the purchase-money of the lands. The bill contained the following averments, as to the payment of the notes, and the transfer of the mortgage to Hinson, the sole defendant to the bill: "Your oratrix shows that the first one of said notes, falling due on the 20th November, 1870, was paid in full to said Daniels at maturity, and was surrendered by him to said Frank Brooks; that the second of said notes also, which fell due on the 20th November, 1871, was fully paid during the life-time of said Frank Brooks, to said Daniels and J. L. Hinson, and was delivered up to said Brooks; and that the remaining note, which

fell due on the 20th November, 1872, was transferred by said Daniels, on the 21st September, 1872, to said Joseph L. Hinson, who now holds and claims to own said note; and your oratrix avers that said note and mortgage, if anything is due thereon, which she denies, are the property of said Joseph L. Hinson. And your oratrix avers, from information and belief, and from receipts and other written evidences of payments, that said Frank Brooks fully paid and overpaid to said Hinson, in money, and cotton raised on said lands, which were paid and delivered, as your oratrix avers, by said Frank Brooks to said Hinson, to be applied by said Hinson to said last note, and which was so applied by said Frank Brooks, to said last named note in full, with all interest thereon; so that your oratrix avers that said note has been fully paid, and it and said mortgage should be delivered up and cancelled." "Oratrix avers and shows, also, that said lands are worth about from four to five thousand dollars, if not more; and that the claim asserted by said Hinson, of the amount due on said note, is not more than fourteen hundred dollars; and your oratrix says and avers that she is ready with the cash, and offers to pay any balance that may be found due on said note and mortgage on a fair accounting." The bill alleged, also, that said Frank Brooks died in March, 1879, intestate; that Daniels died in the early part of the year 1880, and no letters of administration had ever been granted on his estate; and a sale of the lands under the mortgage, "before a settlement and account are had and taken of the amount, if anything, that is due on said note and mortgage, would greatly embarrass your oratrix, and would do irremediable injury to said estate."

An answer to the bill was filed by the defendant, admitting the execution and transfer of the notes and mortgage as alleged, but denying the averments of payment and satisfaction. As to these matters, the averments of the answer were in these words: "Defendant denies that said note first falling due was paid in full at maturity to said Daniels; and he expressly denies that it was paid at maturity, or that the whole of it was paid to said Daniels. Defendant says that, on information, he admits that a portion of the amount due on said note was paid on the same prior to the 21st September, 1872, when the same, together with the two other notes secured by said mortgage, was transferred by said Daniels to this defendant. There was an amount due on said first note when it was so transferred, but the exact sum is not now remembered by this defendant; in his belief, the amount due on said note at that time was between eight hundred and one thousand dollars. He admits that said note was sur-

[Hinson v. Brooks.]

rendered up to said Brooks, and he demands that the same be produced, as well as the second note, for the inspection of the parties. He admits that the second note has been paid, and delivered up to the said Frank Brooks. If anything due on said second note, before the same was transferred to this defendant, was ever paid to said Daniels, it was no more than the interest, or a portion thereof, the amount of which this defendant can not now remember. Defendant admits, as hereinbefore stated, that the remaining note, and the other two notes secured by said mortgage, were transferred to this defendant on the 21st September, 1872, as was also the mortgage ; admits that he now holds and claims to own, and does own said note, and it is now his property ; denies that nothing is due on said note, and avers that more than fourteen hundred dollars is due thereon. Defendant denies, also, that said Frank Brooks fully paid and overpaid to this defendant said note, in money, cotton raised on said lands or elsewhere, or any other thing delivered by said Brooks, or by any one else for him, to be applied to said note last falling due ; and he expressly denies that said last named note, with the interest thereon, has been paid in full, and denies that the same ought to be delivered up and cancelled ; and he avers that there is now due on said note at least fifteen hundred dollars, and denies that complainant has any written evidences of the payment of said note in full." The answer alleged, also, that there had been other transactions between the defendant and said Frank Brooks, growing out of advances made to enable the said Brooks to make a crop, and receipts given in connection with these transactions, which were material to a correct understanding of the matters of account between them.

A motion to dissolve the injunction, on the denials of the answer, and on other grounds, was afterwards made by the defendant, but was overruled and refused by the Chancellor ; and on the next day, an order was made and entered, " by consent of the parties, that the register take and state an account of the amount due on the mortgage debt." The appeal is sued out from the decree overruling and refusing to dissolve the injunction, and that decree is now assigned as error.

W. R. HOUGHTON, CLEMENTS & TYSON, and R. M. WILLIAMSON, for appellant, cited *Calhoun v. Cozens*, 3 Ala. 498 ; *Barr v. Collier*, 54 Ala. 39 ; *Satterfield v. Johns*, 53 Ala. 127 ; *Sanders v. Cavett*, 38 Ala. 51 ; *Brooks v. Diaz & Co.*, 35 Ala. 599 : *Struve v. Childs*, 63 Ala. 473 ; 2 Jones on Mortgages, § 1801.

COOK & ENOCHS, *contra*, cited *Miller v. Bates*, 35 Ala. 580 ; *Rembert & Hale v. Brown*, 17 Ala. 667 ; 2 Jones on Mortgages, § 1813.

STONE, J.—The accounts shown in the transaction disclosed in the present bill, are of so complicated a character, and the consequences of a sale, if less is due than is claimed, will probably be so embarrassing, that a dissolution of the injunction would scarcely be justified, on the indefinite denials contained in the answer. In cases like this, where all indebtedness is denied by complainant, and the defendant speaks doubtingly of the amount claimed to be due—the accounts running through many years, and of course complicated—complicated still further by the death of each of the original contracting parties—and the mortgage security being admitted by the defendant to be worth at least double the largest sum claimed, the safe rule is to retain the injunction until the account is taken.

But we need not rest our opinion on the principle stated above. After the decretal order of the Chancellor, refusing to dissolve the injunction, the Chancellor, *with the consent of the parties,* made a decretal order of reference, that the account be taken by the register, and reported on. This must be regarded as a waiver of all right to have this interlocutory order reviewed.

Affirmed ; and the cause will proceed in the court below, on the decretal order of reference made by the Chancellor.