(114 So. 903)

## CITY OF MOBILE v. RYSER.　(1 Div. 457.)

Supreme Court of Alabama.　Dec. 22, 1927.

Municipal corporations ⬅⇒821(23)—Contributory negligence in falling on defective sidewalk held for jury, on evidence of knowledge of defect.

In action against city for damages for injuries resulting from fall on defective sidewalk, contributory negligence *held* question for jury, where evidence would support reasonable inference that plaintiff had actual knowledge of the defect and that therefore his injury may have been due to his own forgetfulness or inattention.

Appeal from Circuit Court, Mobile County: Saffold Berney, Judge.

Action for damages by Peter Ryser against the City of Mobile. , From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Frank J. Yerger, of Mobile, for appellant.

Defendant's special plea of contributory negligence presented a defense to the suit. City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841. There being evidence from which the jury could infer plaintiff's knowledge of the defect in the sidewalk, at the time of his injury, and that the injury resulted from his failure to use due care to avoid such defect, under the scintilla rule, defendant's plea of contributory negligence should not have been taken from the jury. Scrimscher v. House, 207 Ala. 334, 92 So. 448; Bevill v. Wilkins (Ala. Sup.) 113 So. 28;[1] Hartford Fire Ins. Co. v. Ingram (Ala. Sup.) 112 So. 424;[2] McMillan v. Aiken, 205 Ala. 35,·88 So. 135.

Harry T. Smith & Caffey, of Mobile, for appellee.

In order to make good its plea of contributory. negligence, it was necessary to prove plaintiff well knew of the defective condition of the sidewalk and its attending danger. City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841. Plaintiff was not under the duty to hunt for defects in the sidewalks he was using, much less in a sidewalk he was not using and had never used. Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; Montgomery S. R. Co. v. Smith, 146 Ala. 316, 39 So. 757; Southern R. Co. v. Posey, 124 Ala. 486, 26 So. 914. Being under no duty to look, there is no presumption that he did so. Snyder v. Mobile L. & R. Co., 214 Ala. 310, 107 So. 451. To permit a verdict to be predicated on the idea that this plaintiff knew the condition of the sidewalk merely because he might or might not have been able to see and appreciate its danger when riding by, if he. in .fact did so, or in passing along other sidewalks half a block away, would be to permit a verdict to be rendered purely on conjecture, which could not stand. Central Bank v. Ala. Broom Co., 204 Ala. 410, 85 So. 738; St. L. & S. F. v. Dorman, 205 Ala. 609, 89 So. 70.

BOULDIN, J. The action is against a municipal corporation for personal injuries resulting from a defective sidewalk.

A plea of contributory negligence set up that at the time of the injury plaintiff "knew" of the defective place in the sidewalk, and was "injured through his own forgetfulness in failing to use due care," that such forgetfulness was the proximate cause of the injury.

The court, at plaintiff's request, gave an affirmative instruction eliminating this plea

as an issue before the jury. This ruling is assigned as error.

The plea of contributory negligence is based on the rule announced in City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841, in the following language:

" * * * When the plaintiff knew of the defect in the sidewalk, then contributory negligence on her part in not remembering and avoiding the danger is to be presumed, in the absence of satisfactory excuse for forgetting. This rule merely places upon the pedestrian, after it appears that he well knew of the defective condition of the sidewalk, and its attending danger, the burden of offering testimony to excuse his forgetfulness or inattention."

This case discusses and cites authority as to what may be considered a sufficient excuse for forgetfulness or inattention. We are not now concerned with that question.

The question here is whether there was any evidence that the plaintiff knew of the defective condition of the sidewalk at the time.

The place was on the west side of St. Joseph street, between Lipscomb and Beauregard streets in the city of Mobile. Part of this sidewalk, the north end, was paved with brick. This brick pavement terminated before reaching Lipscomb street, and a stretch of some ten or more feet of dirt walk intervened. The south end of the brick pavement was rather irregular, and exposed the full thickness of the brick above a portion of the dirt walk, and some wear of the dirt walk made a further depression, probably about the thickness of the brick, at the step up onto the brick pavement. Plaintiff going north tripped at this break, or sudden rise of grade, and fell, receiving personal injury.

Plaintiff was a locomotive engineer, and had for several years resided south of this point in Mobile. Each morning at 5 to 5:30 his duties caused him to pass this way on foot. His habit was, on reaching St. Joseph street, to walk north on the west side to Lipscomb street crossing, and there cross over to the east side of St. Joseph street, which was paved all the way north to Beauregard street. He returned from his run about noon each day, and often rode in an automobile passing the point in question.

He testified he had no knowledge of the defective condition of the sidewalk causing his injury, that he had never passed over that sidewalk before the occasion of his injury, about 5:30 a. m., December 19th, being before daylight.

No witness contradicted plaintiff on this point. Evidence went to the effect that the sidewalk at the point complained of had been in substantially the same condition for several years.

Appellant contends that the evidence gives ground for an inference of knowledge of this defect, despite plaintiff's denial.

The court, upon a review of the evidence in conference, concludes the marked difference between the paved and unpaved parts of the sidewalk as disclosed by photograph, the crossing over to the east side to reach a better walk, the daily passing down the street, at times in the driveway for vehicles, would support a reasonable inference that plaintiff had actual knowledge of a break or change from a brick to a dirt walk, and of the projection of the brick which constituted the defect complained of; and therefore plaintiff's injury may have been due to his own forgetfulness or inattention as a contributing cause.

The court erred in charging out the plea of contributory negligence. Other questions presented are not likely to arise on another trial.

Reversed and remanded.

SAYRE, GARDNER, and BROWN, JJ., concur.