(133 So. 25)

### CITY OF DECATUR v. GILLIAM.
### 8 Div. 282.

Supreme Court of Alabama.

March 5, 1931.

Chenault, Downing & Chenault, of Decatur, for appellee.

Tennis Tidwell, of Decatur, for appellant.

FOSTER, J.

There is no apt ground of demurrer to the complaint whereby its sufficiency is tested for the failure to allege that the defect referred to in it constituted a dangerous or unsafe condition. If we assume that the complaint should either allege or show by the facts alleged that the defect was dangerous or unsafe (43 Corpus Juris, 1226), a ground of the demurrer should be directed to that contention. The court instructed the jury that the defect must be such a condition as that it was not reasonably safe for travel; so that defendant did not sustain injury in this respect had the demurrer been duly directed to this want of averment in the complaint. Best Park v.

Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832.

Plaintiff was injured while walking at night, going south on the west side of Fourth Avenue East. A portion of the sidewalk was paved with brick, and then began a cement pavement. Where the two joined, the cement portion was higher than the brick. The evidence as to its height ranged from 1¾ inches to 4 inches. Plaintiff stumbled at this point and fell, breaking her arm and suffering other injuries. She testified that she had been living in that locality, five or six blocks away, about thirty-five years; that she had traveled that street but very little before that time—only occasionally. The evidence showed that the sidewalk had been in that condition about four years, that the street light was at the next corner, and that she could see dimly. Two other ladies were with her. They did not stumble at the place so far as the evidence shows.

■ At the instance of the plaintiff, in writing, the court charged the jury "that if you believe the evidence in this case, you must find the plaintiff free from negligence which contributed to her injury." The rule is well settled that, if plaintiff had notice of the presence of the obstruction or knowledge of such facts as were calculated to put a person of ordinary and reasonable capacity on the lookout, and then he failed to exercise ordinary care which contributed to the injury, he would be guilty of contributory negligence. Mayor, etc., of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576; Montgomery v. Ross, 195 Ala. 362, 70 So. 634; Walker County v. Davis, 221 Ala. 195, 128 So. 144. But without such notice he is not required to watch out for defects on that portion of the street appropriated to that nature of travel.

■ On account of the long time the sidewalk had remained in the same condition, during all of which time plaintiff lived within a few blocks of the place, on a frequently traveled and much-used street, along which she occasionally passed prior to the accident, we think the question of notice to her should have been left to the jury, notwithstanding the fact that she testified that she had never noticed the place before. In this respect the facts are quite similar to those in the case of City of Mobile v. Ryser, 217 Ala. 92, 114 So. 903, where this court held that it was a jury question.

By an Act of the Legislature approved February 4, 1927 (Loc. Acts 1927, p. 3), the corporate limits of the city of Decatur were extended so as to include the territory embracing the street in question. Prior to that time it had been in the municipal corporation of Albany, formerly New Decatur. Plaintiff sustained her injuries on May 24, 1927.

■ The court refused to charge the jury, on the written request of defendant, that it is not chargeable with notice of the defect prior to the date when the corporate limits of the city were extended to embrace that territory. The act which extended the limits contained substantially no other provisions. So that the question presented by the refused charges is controlled by general principles. The act treats the new territory without regard to the fact that before its inclusion in the city of Decatur it was itself corporate territory of another municipal corporation.

The rule is supported by abundant authority that, when defects exist in a street in annexed territory at the time of the annexation, the municipality has a reasonable time thereafter to acquire actual or constructive notice of the defect and to remedy the condition. 7 McQuillin, Municipal Corporations, § 2927; Richmond v. Mason, 109 Va. 546, 65 S. E. 8, 17 Ann. Cas. 194; City of Louisville v. Flanders, 225 Ky. 41, 7 S.W.(2d) 514; Mayor & Council of Macon v. Morris, 10 Ga. App. 298, 73 S. E. 539; 43 Corpus Juris, 1004 and 985; Nelson v. Canisteo, 100 N. Y. 89, 2 N. E. 473; Ivey v. Birmingham, 190 Ala. 196, 67 So. 506.

We think, therefore, charges A, B, C, and D should have been given to the jury.

■ Though the condition may be a defect, and may have existed as the result of the negligence of the authorities of Albany before it became annexed to Decatur, the latter city would be liable for the failure to remedy the condition after it had notice, actual or constructive, of its condition and a reasonable time to perform the task.

■ Charges 4, 5, 7, 8, 10, and 11 were therefore properly refused. Though the injuries of plaintiff may have been proximately caused by the negligence of the Albany authorities, the negligence of the Decatur authorities may likewise have been a proximate cause. If they both proximately caused the injuries, both would be liable. But Decatur is not liable for the negligence of Albany. Charge 6 tends to mislead the jury.

■■ Although under the classification of section 2030, Code, made in the case of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797, the (b) subdivision is predicated upon a negligent failure to remedy a defect in the streets, etc., made by a third person, we see no occasion to require plaintiff to prove, nor to allege how the defect occurred, or that it was created by some one not connected with the city. If a defect is shown to be dangerous, and that defendant

was negligent in not removing it, and damage results, a prima facie case of liability arises. Defendant by motion may cause a third person to be made a party defendant if the complaint shows that the defect was caused by the third person or such allegation is made in the motion, and the fact is sustained by proof on the motion. But, in the absence of such a motion, the question of the liability of a third person is not an issue in the case, and the prima facie liability is not in any respect impaired. Therefore charges 21, 22, 24, and 25 have no place on this trial.

We do not think it necessary to treat the other assignments of error, as they are not likely to occur on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.