139 So. 328

**STATE ex rel. FRENCH et al. v. STONE, County Treasurer.**

**1 Div. 701.**

Supreme Court of Alabama.

Jan. 28, 1932.

Robert T. Ervin, Jr., and Pillans, Cowley & Gresham, all of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellees.

KNIGHT, J.

One Claude Moberg was indicted for the offense of violating the prohibition law. The indictment was returned by a grand jury in the circuit court of Mobile county. Upon his arrest, defendant was released upon bail bond executed by appellants, petitioners in the court below. The penalty of this bond was fixed at $500.

When Moberg's case was called for trial in the circuit court of Mobile county, he failed to appear to answer the indictment, as by the terms and conditions of his bond he was required to do. A conditional judgment was thereupon entered against defendant and his sureties, as the statutes provide. The case against this defendant was reset for trial, in the same court, for December 2, 1927. Notice of the rendition of the conditional judgment was duly served upon the sureties of Moberg. At the time set for the trial of this defendant in December, he was again in default, and the conditional judgment theretofore rendered against the sureties was made final and absolute for the full amount of the penalty of the bond and cost of the forfeiture proceedings.

It appears that, in their efforts to apprehend Moberg and produce him at his trial, in exoneration of their undertaking of bail, the sureties expended, in payment of reward and other charges, a large sum of money, somewhat in excess of their original undertaking. As a result of their efforts, Moberg was surrendered finally by his sureties to the court having jurisdiction of his case, and he was put on trial and duly convicted.

In their efforts to obtain relief and to be refunded the amount the sureties had paid to the state, for the use of Mobile county, in satisfaction of the judgment rendered against them in the forfeiture proceedings, the sureties, appellants here, secured the passage by the Legislature of a special or private act (Loc. Acts 1931, p. 44), which is as follows, omitting the caption:

"Section 1: There is hereby appropriated out of the Treasury of Mobile County, Alabama, the sum of five hundred dollars ($500.00) to be paid to H. W. French and H. C. Steiner.

"Section 2: The monies appropriated by Section One of this act shall be paid on a warrant drawn by the County Treasurer of Mobile County, Alabama, against the general fund of Mobile County, Alabama, for the sum of five hundred dollars ($500.00), payable to H. W. French and H. C. Steiner; and the County Treasurer of Mobile County, Alabama, is hereby authorized, empowered and directed to draw and issue said warrant and to pay the same."

The treasurer of Mobile county, presumably under advice of counsel, declined to issue or draw said warrant, or to make the payment provided for in the act, taking the position that the act in question was unconstitutional and void. Thereupon the said H. W. French and H. C. Steiner applied by petition to the Honorable Claude A. Grayson, as judge of the circuit court of Mobile county, for writ of mandamus against the treasurer to require him to make the payment to them as authorized and directed by said act. A rule nisi

was ordered to be issued by Judge Grayson, on the presentation of the petition.

Upon the day set for the hearing of the petition, the treasurer appeared and answered the same, justifying his action in declining to pay the petitioners the money they demanded by asserting the invalidity of the above-quoted act; the treasurer's contention being that the act in question is violative of subdivision 28 of section 104 of the Constitution. The judge of the circuit court of Mobile county held to the view that the act in question was unconstitutional, and refused the writ; and from this holding the present appeal is prosecuted.

The insistence of appellants here is that the "forfeitures" that the Legislature is forbidden to remit are forfeitures of the criminal laws of the state, and necessarily imposed upon the ones who violate those laws, and that the word "forfeitures" must be given a meaning, not as the word generally imports, but as restricted to cases where they have been imposed by way of punishment of the wrongdoer, and that the judgment rendered against sureties on bail bonds is in no sense a forfeiture as falls within the inhibition of section 104, subd. 28, of the Constitution.

In this view we cannot concur for the reasons hereinafter stated.

 The state government is divided into three co-ordinate branches, legislative, judicial, and executive; each has a sphere of action, and within that sphere each is, and must be regarded, as supreme. Powers confided to one cannot be exercised by the others. That the Legislature, in the absence of constitutional restraint, is all-powerful in dealing with matters of legislation, it must be conceded, but the Legislature can at no time usurp the functions of either the executive or judicial department, and, when it attempts to do so, its acts are abortive.

 Under the Constitution of 1819, section 11, article 4, the Governor is given the power in all criminal and penal cases, except in those of treason and impeachment, to grant reprieves and pardons and remit fines and forfeitures, under such rules and regulations as shall be prescribed by law. The Constitution of 1901 (section 124), in dealing with the same subject, employs this language:

"The governor shall have power to remit fines and forfeitures, under such rules and regulations as may be prescribed by law; *and, after conviction, to grant reprieves, paroles, commutations of sentences, and pardons, except in cases of impeachment.*" (Italics supplied.)

No one, we assume, would pretend to hold that the next hour after the judgment was made final against the sureties on the bond of Moberg the Governor could not have remitted the forfeiture then made final against the sureties. This has been done from the earliest history of the state without question of the authority of the Governor. This power to remit such judgment, at all times called "final forfeitures," has been confided to the Governor or the executive branch of the government.

The present act is but an attempt by the Legislature to project itself into the domain of the executive branch, and for that reason, if for no other, would be abortive. By conferring this right to remit fines imposed and forfeitures accruing in criminal proceedings upon the Governor, the Constitution, in this, and to this extent, took this right from the Legislature.

The Legislature of Alabama on the 2d day of February, 1850, undertook by act (Acts 1847–1850) to relieve the sureties of John Douglass, late clerk of the circuit court of Marion county, of a fine which they had paid for said Douglass for and on account of his failure as such clerk to comply with a provision of law. There, as here, the Legislature under a bill similarly captioned, directed the county treasurer of Marion county to pay the sum of $500 to the named sureties of the clerk; that being the amount they had paid, as a fine imposed upon the clerk. The treasurer of Marion county refused to make the payment as directed to be made by the act. The sureties made application for mandamus to compel the payment. A rule nisi was issued; the respondent treasurer demurred to the petition, upon the ground that it showed upon its face it was unconstitutional. This demurrer was sustained, and the mandamus refused. Appeal was taken. Judge Goldthwaite rendered the opinion of the court. In his opinion Justice Goldthwaite expresses the views of the court, in part, as follows: "The power to pardon offences, except in case of treason and impeachment, and to remit fines and forfeitures, being, as we have seen, confided by the fundamental law to the executive branch of the government alone, this power is virtually denied to any other department, and cannot, therefore, be exercised by the Legislature. The only question is, whether the act referred to is, directly or indirectly, an attempt to remit a fine; for if it be so, the mode or manner in which it is to be done is entirely immaterial. It is the right which the constitution denies, without reference to the mode in which it may be exercised. We regard the act in question as a donation to the parties therein named of the amount of a fine which had been imposed on them in pursuance of law, upon making proof to the treasurer that they had paid it. A pardon is nothing more than relieving one from the penalty which the law has placed him under, and has the effect of restoring him to his condition before conviction."

And, continuing, Judge Goldthwaite uses this presently pertinent language: "To sus-

tain this position would be to allow one department of the government to trench upon the powers of another, and to defeat the purpose which the constitution contemplated in confining the pardoning power to one branch of the government, by permitting it to be indirectly exercised by another." Haley v. Clark, 26 Ala. 439.

In the case of Sanders et al. v. Cabaniss, Ex'r, 43 Ala. 173, it is said: "It is a very clear proposition, that what cannot lawfully be done directly, cannot be done indirectly— no device, though it be so cunningly contrived as to make wrong appear to be right, can justify it."

Thus it would follow that, if we give to the term "forfeiture," as used in connection with "fines and forfeitures," a meaning recognized in common parlance and by lexicographers as implying penalty, the Legislature was without authority to enact the law made the basis of appellants' right to the mandamus prayed for. If, however, the word is to be given a different meaning, it by no means follows that appellants' contention is correct.

It is to us clear that the Governor alone has the power to remit fines and forfeitures imposed or growing out of criminal prosecutions. This has been the prevailing idea through the years, from the birth of the state to the present time.

We are not unmindful that both section 124 and section 104, subdivision 28, refer to "remitting fines, penalties, or forfeitures." If it should be conceded, which it is not, that it is within legislative competence to enact statutes remitting fines, forfeitures, and penalties, it could not be done by private or special bills, for the all-sufficient reason that the Legislature is inhibited by section 104, subdivision 28, from passing the private or special act brought forward in this case.

It therefore follows that the ruling in the court below was free from error, and must be here affirmed.

Affirmed.

All the Justices concur.