157 So. 56

## CITY OF BIRMINGHAM v. CORR.

### 6 Div. 479.

Supreme Court of Alabama.

Oct. 11, 1934.

322

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

The action is in trespass.

The theory of the suit is that in widening and deepening a drainage canal carrying the waters of Village creek in the East Lake area of the city of Birmingham, appellee's city lot was encroached upon, and subjected in part to public use without just compensation; damages being sought for the decreased value of the lot by reason of such excavation.

The city of Birmingham and Donahoo Contracting Company, the contractor doing the work for the city, were joined as parties, defendant. The trial court gave the affirmative charge in behalf of the contractor, and refused certain charges requested by the city to the effect there could be no recovery against the city, unless there was recovery against the contractor. These rulings are assigned for error, and present the question chiefly stressed on this appeal.

Appellant relies upon Code, §§ 2029 and 2030.

Section 2029 provides: " * * * whenever the city or town shall be made liable to an action for damages, by reason of the unauthorized or wrongful acts, or the negligence, carelessness, or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."

Section 2030 requires the joinder of such other party as defendant, declares no judgment shall be rendered against the city, unless judgment is also rendered against such other party, or judgment is rendered in the latter's favor on some personal defense; and in case of recovery against both, execution shall first issue against such initial wrong-doer. The effect is to render such third person primarily liable.

These statutory provisions are limited to cases where the injury results from the initial wrongful act of some third person for whose acts the city is not responsible under the doctrine of respondeat superior, and the city's liability arises from negligent failure to remedy the conditions created by such third person. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25.

Without dispute, in the instant case, the contractor made the excavation complained of pursuant to a contract with the city, according to plans and specifications made by the city, following stakes set by the city engineers, and under their supervision.

The statutes invoked have no application. The city's liability, if any, is a direct and primary one, growing out of the acts of its officers or agents, acting within the line and scope of their authority, under whose guidance and direction the contractor encroached upon and made excavation on the plaintiff's property.

That the contractor alone did the actual work is of no consequence. Neither is the status changed by directions not to enter upon or trespass upon private property in executing the work. Such directions could have no relation to the specific work to be done, nor to the ground where the city laid it out.

True, as argued, there can be no innocent agency in the commission of a tort. Alabama Midland Railway Co. v. Coskry, 92 Ala. 254, 9 So. 202.

It may be conceded, therefore, that if the city was liable, the contractor was also, and that the plaintiff could review on appeal the giving of the affirmative charge in favor of the contractor.

 But where the liability is several, as in this case, and not covered by the statutes above considered, one defendant cannot complain of the discharge of the other. The plaintiff could have amended the complaint by striking out the contractor.

 The chief issue of fact was whether the city had an easement by dedication covering the ground taken by widening the canal.

Plaintiff's deed, describing his lot by special survey, giving courses and distances from an initial point, called for the canal as the northern boundary. This, accompanied by possession to the canal as then existing, cast upon the city the burden of proving a servitude or easement to enlarge the canal by appropriating additional ground.

It appears the original canal was constructed in connection with the creation of East Lake about 1888. At the time of the improvement here in question, it was approximately 20 feet wide at the top. The city relied upon a map or plat long in the possession and use of the engineering department. Evidence tended to show this to be a blueprint copy of the original plat of the lands of East Lake Land Company and recorded in the probate office. Such old record is not now available.

Evidence for the city further tended to show the width of the canal, dedicated in 1888, as shown by scale on this blueprint, was 50 feet. Plaintiff introduced the recorded plat of the same properties as now appearing on the appropriate record, and said to be a duplication of the old record which had become defaced. By this record, according to the evidence, the canal width was 25 feet or thereabout.

Without prolonging the discussion, it was a question for the jury to determine the width originally dedicated to such canal. If only 25 feet, it is admitted the improvement here involved took several feet off the north end of plaintiff's lot. The depth, 9 to 10 feet, and a bend or curve at this point throwing pressure against this bank at flood times, were, under the evidence, matters to be considered in fixing the amount of damages.

Under well-known rules we find no sufficient ground to disturb the verdict.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.