65 So.2d 160

## CITY OF BESSEMER v. BRANTLEY.

### 6 Div. 245.

Supreme Court of Alabama.

April 30, 1953.

Ling & Bains, Bessemer, for appellant.

Lipscomb & Brobston and Jas. M. Hamrick, Bessemer, and D. G. Ewing, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

The appellee, L. E. Brantley, on September 6, 1949, while walking along a public sidewalk in the City of Bessemer, Alabama, at a point where a driveway leading into the service and repair shop of Lide Motor Company, a corporation, leased to them by Harry Kartus, the owner, crosses said sidewalk, stepped into a crack or defect in the sidewalk, about two feet wide and four or five inches deep, and fell, sustaining personal injuries.

. It is agreed and stipulated that on December 12, 1949, the City of Bessemer received the following claim concerning the injuries received by Brantley on September 6, 1949:

"To: City of Bessemer,
    The Commission of the City of Besssemer,
    And, City Clerk.

"State of Alabama ⎤
"Jefferson County ⎦

"Personally appeared before me the undersigned authority in and for said County, in said State, L. E. Brantley, who being first duly sworn, makes this affidavit pursuant to the provisions of Title 37, Section 504, of the 1940 Code of Alabama; and affiant says:

"That he was injured about 2:30 P.M. September 6th, 1949, on a sidewalk along 19th Street, in the City of Bessemer, Alabama, in front of Lide Motor Company, near the corner of Fifth Avenue, in said City; and that his said injury consisted of a broken or fractured right leg, and the cause of the injury was from a defective sidewalk near and adjacent to the repair shop of Lide Motor Company, at said place, and the sidewalk at said time and place was broken and had a hole in it, causing affiant to stumble, and as a proximate result his right leg was then and there fractured.

"And affiant claims that the City of Bessemer knew, or should have known of such defect in the sidewalk, and that such defect was unknown to affiant prior to his injury, and affiant claims damages of the City of Bessemer in the sum of Two Thousand Dollars ($2,000.00).

                    "/s/ L. S. (sic) Brantley
"Sworn and subscribed to before me this 2 day of December, 1949.
                    "/s/ Willie Russell
                        Notary Public."
"(Seal)"

On January 6, 1950, Brantley brought suit in the Circuit Court, Bessemer Division of Jefferson County, Alabama, for damages for personal injuries against the City of Bessemer, a municipal corporation. In form, the complaint was in one count and claimed the sum of $5,000 as damages. During the progress of the trial, the complaint was amended claiming damages in the sum of $10,000. The jury returned a verdict for $7,000. The trial court on motion for a new trial by the appellant, defandant in the court below, reduced the judgment to $2,000, and the city appealed. On appeal, the appellee cross assigns as error the action of the trial court in reducing the verdict of the jury from $7,000 to $2,000.

On the day the cause was called for trial in the court below, the defendant under and by virtue of Section 503, Title 37, of the Alabama Code of 1940, filed a motion to nonsuit the plaintiff for nonjoinder of joint tort feasors. The trial court proceeded to hear evidence in support of the motion, and after a consideration of the evidence offered, overruled the defendant's motion to nonsuit the plaintiff. At the conclusion of plaintiff's testimony, the defendant refiled the motion that the plaintiff be required to add parties defendant or to suffer a nonsuit for such nonjoinder, and the trial court again overruled the motion.

■ A motion to nonsuit is the proper remedy when a municipality defendant desires to avail itself of the provisions of Section 503, supra, of the Code, in a case where the plaintiff has failed to join another party, who is liable with the municipality under the provisions of said section. The applicable provision of Section 503 is to the effect that, if an action be brought against a city or town alone, and it is made to appear that any person or corporation ought to be joined as a defendant in the suit according to the provision of said Section 503, the plaintiff shall be nonsuited unless he amends by making such party or corporation a defendant, if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately irrespective of this provision. Section 503, supra, also provides that the injured party, if he sues a municipality for damages suffered by him, shall also join such other person, or persons, or corporation, so liable as defendant or defendants of the suit, and no judgment shall be rendered against the city or town unless judgment is rendered against such other person or corporation so liable for

such injury, except where a summons is returned not found as to a defendant, or when judgment is rendered in his favor on some personal defense. At no time before bringing the present suit did the plaintiff therein demand of the Mayor of the City of Bessemer the name of any other person, or persons, or corporations, as may be liable jointly with the said municipality to the plaintiff. When the evidence had been concluded, the defendant city moved the trial court to enter a nonsuit against the plaintiff for the nonjoinder of other parties defendants, and specifically, on the ground that the plaintiff had made no demand before bringing suit on the City of Bessemer for the names of persons jointly liable with the city, and that the evidence disclosed that others were jointly liable with the city. This motion was likewise overruled by the trial court.

The first two assignments of error present the question as to whether or not the trial court was in error in refusing to nonsuit the plaintiff for failure to join as party defendants Harry Kartus, the owner, and the Lide Motor Company, the occupant, of the building adjoining the sidewalk and over which sidewalk a driveway led into said building, the defect in said sidewalk being along said driveway.

The third assignment of error raises the question as to whether the trial court erred in refusing to nonsuit the plaintiff because of his failure to demand of the city the names of those jointly liable with the city. These three assignments, of course, depend upon whether or not the evidence was sufficient to take the case to the jury as to Harry Kartus or the Lide Motor Company, and this, in turn, depends upon the substantive law defining the rights and liabilities of owners or occupants of buildings adjoining streets and sidewalks, and more specifically, sidewalks over which driveways are constructed or maintained to, or into, said buildings. Section 503, supra, provides that:

"if an action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the suit * * * the plaintiff shall be nonsuited, unless he amends by making such party or corporation a defendant * * *."

This means that if it is made to appear by the complaint that any person or corporation ought to be joined with the city in a suit according to Sections 502 and 503 of the Code, or if such necessity is made to appear by a plea and proof sustaining the same, or made to appear on the trial by the evidence, together with the fact that such step has not been taken, then on motion of the city, plaintiff will be nonsuited. Milner v. City of Birmingham, 201 Ala. 689, 79 So. 261.

Before proceeding to the trial of the case in the court below, the City of Bessemer interposed its motion, as above set out, and in order to meet the requirements of the statute, offered evidence before the court to support the motion. Again, at the conclusion of plaintiff's evidence, the same motion was interposed. We find no fault with this procedure to determine the question and no point is raised in that regard.

As stated in the amended complaint, the cause of action against the city was in causing, or in not removing, a dangerous condition.

It is the duty of the city to use reasonable care that no such danger shall remain in a public street where people have the right to travel, although it was caused by another. If it was not caused by another, the city is liable without the necessity of making another a party. If it was caused by another, the city has the right to have the liability of that other tested, and, if found liable also, such liability takes priority over that of the city. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A.1915F, 797; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276.

The evidence introduced in support of the city's motion to nonsuit the plaintiff, as well as that introduced on the trial of the main case, tended, at most to establish the following facts: The City of Bessemer constructed the sidewalk and the driveway across it at the point where plaintiff was injured. As originally constructed,

for almost the entire length of the block, driveways for cars extended from the street over and across the sidewalk. About one year prior to plaintiff's injury the city constructed curbing along the street side and installed parking meters, but left the driveway here involved intact. The driveway and sidewalk were constructed by the city some twenty-five years ago. Harry Kartus owned, and the Lide Motor Company occupied, the lot and building adjoining the sidewalk where plaintiff was injured. The defective condition had existed approximately a year before the plaintiff was injured. The Lide Motor Company, or its employees, had made one or more efforts to remedy the defect, but there is no evidence tending to show that such efforts in anywise increased, enlarged, or rendered more dangerous, the defective condition of the sidewalk. The driveway entered from the street and extended over and across the sidewalk and into the building on the lot occupied by Lide Motor Company. An employee of the City of Bessemer, during the month of September, 1949, inspected and made repairs to the sidewalk at the point where the driveway from the street entered into the service department of Lide Motor Company. The defective condition was caused by automobiles of customers of the Lide Motor Company in passing along the driveway over the sidewalk in getting to and from Lide's place of business. The testimony does not indicate any use of the driveway by the Lide Motor Company other than a use by his customers in gaining access to its place of business, and in leaving it.

In the first place, there is no agreement between Harry Kartus or the Lide Motor Company and the City of Bessemer with reference to the construction or maintenance of the driveway or sidewalk, nor is there any statute or municipal ordinance relative thereto.

In support of its argument of the Lide Motor Company's responsibility, the city relies largely upon the case of Texas Co. v. Williams, 228 Ala. 30, 152 So. 47, and the City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885, together with some out-of-state authorities. We have gone to the record in the Texas Co. v. Williams case and find that the facts of that case are not at all similar to the facts in the instant case. In the Texas case, the evidence tended to prove, and the jury found, that the employees of the Texas Company, while acting within the line and scope of their authority, negligently deposited, or allowed to accumulate, a foreign slippery substance on the sidewalk where the driveway leading into the company's filling station crossed the sidewalk, and that the plaintiff in that case slipped and fell on the sidewalk and was injured. In that case, the defective condition was created by the Texas Company, or its agents, or employees. The city's liability was not questioned, and could not have been, because the foreign substance was not permitted to remain on the sidewalk for a period of more than a few hours at the most. The Wood case is likewise not controlling of the questions here presented.

It was said in the Texas Co. v. Williams case that as a general rule no duty rests upon the owner or occupant abutting a sidewalk to keep the same in repair, and he is not liable for defects which he did not create. In the instant case, the duty of the city was not to cause a defect, or if a defect was caused by another, to use due care to discover the defect and remove it; that of the Lide Motor Company was to use due care not to create it. In the instant case, there is no evidence tending to prove that either Kartus or the Lide Motor Company created, constructed, or maintained the driveway across the sidewalk. The most that can be said is that the customers of the Lide Motor Company created the defective condition in the sidewalk in driving across it. The liability, if any, of Kartus or the Lide Motor Company must be predicated solely upon the fact that the customers of the Lide Motor Company in going to and from its place of business rendered the sidewalk dangerous for pedestrians. If the owner or occupant of the abutting premises had not in any way interfered with the driveway or sidewalk, and had no duty enjoined upon them in re-

gard to it by statute or lawful municipal regulations, they were under no obligation to render a fit, or safe passage.

Neither the owner of a building abutting upon a public street or highway, or his tenant, was charged at common law with the duty to repair such sidewalk or street, or to remove defects therefrom. Access to a public highway is an incident to the ownership to land abutting thereon, and the right to such access is private property passing to a lessee. This right of access extends to the invitees of the owner and lessee. 44 C.J. 945, 64 C.J.S., Municipal Corporations, § 1703. We recognize that sidewalks are built primarily for pedestrians, and not vehicular traffic, but it does not follow that vehicles have not the same right to pass over them as a means of access to places of business abutting thereon that pedestrians have to walk longitudinally upon them. The use of a sidewalk by the owner or the lessee of a lot for purpose of communicating with the street is equally legitimate, and equally an ordinary use, as that of passing longitudinally along it. We cannot see that the liability of Kartus or the Lide Motor Company is different from that which would have existed had the appellee been injured by a depression, not in the sidewalk, but in the street.

In its last analysis, the liability of Kartus or the Lide Motor Company can be upheld only upon the ground that it is the duty of abutting owners, and likewise their lessees, to repair the public thoroughfares adjoining their premises. That duty does not exist, but rests exclusively on the municipality, and where there is no duty, there can be no negligence. The customers of the Lide Motor Company who created, or added to the danger of the condition, were as much a part of the traveling public when crossing the sidewalk as when they were driving in the streets approaching it. Atkinson v. Sheriff Motor Co., 203 Iowa 195, 212 N.W. 484; Adams v. Grapotte, Tex.Civ.App., 69 S.W.2d 460. The driveway here involved was built or created for the public use. It was constructed by the city. The public used it,

true, to gain access to the Lide Motor Company's place of business, but a public use nevertheless. The public created the defective condition, not the Lide Motor Company. It follows that appellant can take nothing by assignments of error one, two and three.

Assignment of Error No. 4 is based upon the trial court's action in refusing to grant appellant's motion to strike the plaintiff's amended complaint. The motion to strike is predicated upon the allegation that there was a variance between the amended complaint and the claim filed with the city. In other words, that the amended complaint is a departure from the notice of claim filed with the defendant on December 12, 1949, in that said notice did not advise or notify the defendant therein that it had negligently caused the alleged defect in the sidewalk. The objection is entirely too technical.

Section 504 of Title 37 of the Code of 1940, provides:

"No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

The one count of the complaint, as amended, charges that the defendant negligently caused or negligently allowed said defect, namely, said hole, or break in said sidewalk, at said time and place. Specifically, the argument is that the claim, or notice of claim, filed with the city did not contain the statement that the defendant, the City of Bessemer, negligently caused, or negligently allowed, said defect. The notice of claim filed with the city is set out hereinabove. The purpose of the statute requiring notice to the city before bringing suit for injury or death is to enable the municipality to investigate and determine the merits of the claim. City of Tuscaloosa v. Fair, supra. The

claim filed against the city was broad enough to charge negligence either by an act done by the city in causing the defect, or in failure on the part of the city to remedy a defect that may have been caused by another. The amendment to the complaint charged negligence in the alternative, and the notice to the city was ample to support either.

Appellant assigns as error the action of the trial court in overruling its demurrer to the complaint as amended. The complaint as originally filed contained one count, in which it is charged that plaintiff's injuries and damages were the proximate results of the negligence of the agent, officer, or employees of the defendant acting within the line or scope of their authority in allowing the hole to remain in said sidewalk without warning signals or devices to apprise and inform persons of the presence of such hole. The amended complaint struck out Count 1 of the original complaint, and added Count A in which the negligence charged was that of defendant's servants or employees acting within the line and scope of their authority in negligently causing, or negligently allowing said defect, namely, said hole or break in said sidewalk at the time and place aforesaid. The question then is: Does the amendment violate Section 239 of Title 7 of the Code of Alabama 1940?

We have often observed that the right of amendment is to be liberally indulged. Oden v. McCraney, 235 Ala. 363, 179 So. 191; Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266. Under the statutes, amendments are allowed which do not work an entire change of parties or an entire change of causes of action. Section 220 of Title 7 of the 1940 Code, provides that all actions ex delicto may be joined in the same suit. The complaint as originally drawn sought to charge the city with liability for failure to remedy the defect in the sidewalk. This claim was not entirely abandoned by the amendment. The amended complaint sought to charge the city with liability for creating the defect in the sidewalk, or in allowing said defect to remain.

If the elements of either aspect of the charge is proven, the plaintiff is entitled to recover. We think that the evidence tended to prove both or either aspect. We are clear to the conclusion that the amendment did not work an entire change in the cause of action.

Appellant's assignment of error No. 6 points out that the court erred in overruling the defendant's objection to the introduction of plaintiff's Exhibit A, which is the claim that was filed with the City of Bessemer on December 12, 1949. The objection was based on the theory that the claim was a variance as to amended Count A of the complaint. What we have said above clearly indicates our opinion with reference to this assignment. We think it clearly without merit.

Assignments of error numbered 7 and 8 are predicated upon the court's refusal to give the general affirmative charge for the defendant. These assignments are also answered by what we have said above. Clearly, the evidence was sufficient to take the case to the jury as to the liability vel non of the City of Bessemer. For like reasons, it is our opinion that the motion for a new trial was overruled without error.

### Cross Assignment of Error

The appellee cross assigns as error the action of the trial court in reducing the verdict of the jury from $7000 to $2000. The judgment entry discloses that the reduction was made with the consent of the appellee. A party cannot appeal from a judgment or order to which he has consented. Badham v. Badham, 244 Ala. 622, 14 So.2d 730; Hinson v. Brooks, 67 Ala. 491; Winter v. Rose, 32 Ala. 447; Garner v. Prewitt, 32 Ala. 13; Townsend v. Jeffries' Adm'r, 24 Ala. 329; 2 Am.Jur. 974, Section 211; 4 C.J.S., Appeal and Error, § 213, pages 404, 407.

We find no error to reverse and the case is affirmed.

Affirmed.

SIMPSON, STAKELY, GOODWYN, and MERRILL, JJ, concur.