83 So.2d 321

**Austin A. COOPER, Admr.**

**v.**

**CITY OF FAIRHOPE.**

**1 Div. 614.**

Supreme Court of Alabama.

June 30, 1955.

Rehearing Denied Nov. 10, 1955.

Hamilton, Denniston, Butler & Riddick, Mobile, for appellant.

Beebe & Swearingen, Bay Minette, for appellee.

STAKELY, Justice.

Austin A. Cooper as administrator of the estate of James W. Cooper, deceased (appellant), brought this suit against the City of Fairhope, a municipal corporation (appellee), to recover damages for the "alleged neglect, carelessness or failure to remedy a defect in one of the streets of the city after the same had been called to the attention of the Council of the City of Fairhope or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge thereof on the part of said Council." The court sustained the demurrer to the complaint and thereupon the following judgment was entered:

"Comes the plaintiff, by his attorney, and by leave of the Court enters a non-suit in this cause; by reason of adverse rulings on the pleadings in sustaining defendants demurrers; and the same having been considered by the Court:

"It is ordered and adjudged that the defendant go hence without day and recover of the plaintiff the costs in this behalf expended for which execution may issue."

In discussing the essentials of a judgment of nonsuit which will support an appeal under § 819, Title 7, Code of 1940, we refer to Mitchell v. National Life & Accident Ins. Co., 30 Ala.App. 301, 5 So.2d 115, 116, certiorari denied 242 Ala. 135, 5 So.2d 116:

" * * * 'There should be an order of the court granting the nonsuit, dismissing the case, taxing the costs, and directing execution to issue for it, if not paid, to make the judgment complete and final. * * * A final judgment is necessary to give jurisdiction on appeal to this court of the case, it cannot be waived by the parties, and, for want of it, we cannot review the rulings of the trial court, and the appeal must be dismissed. * * *'"

As we understand the situation, the proposition is advanced in the instant case by the appellee that the judgment entered is not such a final judgment as will support an appeal because the judgment fails to show a dismissal of the case and therefore the appeal should be dismissed. In Thomas v. White, 244 Ala. 128, 12 So.2d 567, 568, the judgment entry after reciting that the plaintiff moved for a nonsuit on account of adverse rulings of the court, continues in the following language:

" 'It is therefore considered and adjudged by the court that the defendant can go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which let execution issue.' " The court said: "This order 'put the case out of court,' and constitutes a final judgment. Wood v. Coman, 56 Ala. 283, cited approvingly in Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76."

■ We accordingly conclude that the appeal is not due to be dismissed.

In view of our holding that the appeal is not due to be dismissed we must consider the sufficiency of the complaint on demurrer. There are two counts in the complaint. The difference in the two counts will be explained later.

■ In order to recover in a suit of this kind against a municipality the complaint must contain allegation of facts which bring the plaintiff's case within the provisions of § 502, Title 37, Code of 1940. City of Bessemer v. Chambers, 242 Ala. 666, 8 So.2d 163; City of Montgomery v. Quinn, 246 Ala. 154, 19 So.2d 529. In a suit under § 502 there must be allegations in the complaint showing a duty on the part of the municipality. City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885; Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299. Furthermore in an action for injury the complaint must allege necessary details so as to show that the street may be so defective as to be dangerous. City of Birmingham v. Wood, supra. When it comes to providing warnings, barriers or lights, the duty of the city is to use ordinary care only. City of Birmingham v. Whitfield, 29 Ala.App. 454, 197 So. 666. Whether the particulars alleged support the allegation that the place was not reasonably safe is a question of law to be raised by demurrer. City of Birmingham v. Wood, supra; West v. Spratling, 204 Ala. 478, 86 So. 32.

Count one contains general allegations showing that the injuries and death of plaintiff's intestate were proximately caused by the defendant's neglect, carelessness or failure to remedy a defect in Summit Street. The allegations show that the plaintiff's intestate was riding at night as a passenger in a car operated by one Leslie T. Oliver northwardly on Summit Street, a short distance from the northern end thereof, that the car continued northwardly to the end of Summit Street and was precipitated or did travel northwardly beyond the end of Summit Street so that it passed through a wire fence running approximately along or adjacent to the northern end of

the street and perpendicular to the line of the street so that the car continued forward and northwardly about 20 feet at which point it collided with the front of a house that was occupied by one A. H. Wadewitz.

The allegations further show that the approach by automobile from the south on and along Summit Street toward the northern end thereof is on a decline so that at night the northern end was not readily visible at reasonably safe distance therefrom, that the only connecting street at the northern end of Summit Street was a narrow street which ran only westwardly and approximately at right angles thereto, that on each of the two gateposts in the aforesaid fence, which were in the line of Summit Street and which were five feet apart, was located a round, red reflector about 4 feet from the ground facing southwardly so that at night they had the appearance of the taillights of a truck or automobile, that the defect was in the fact that Summit Street to the traveller thereon had the appearance at night of continuing northwardly beyond the actual termination thereof and there was no adequate warning signal, sign or other means of warning the travelling public indicating the terminations of the street or the existence of the right angle turn or otherwise indicating the proximity of danger to the travelling public in vehicles proceeding on and along that portion of Summit Street.

■■ When the allegations of count one are considered there is nothing to show that a defect exists within the limits of the street. A mere slope is not a defect. City of Birmingham v. Monette, 241 Ala. 109, 1 So.2d 1, 133 A.L.R. 1020. But if a dangerous condition exists outside the street limits but so near thereto that it endangers travel thereon because of the want of protecting barriers, warnings or lights with the probability of injury therefrom, then the city can be held liable. McQuillin on Municipal Corporations, 3rd Ed., Vol. 19, pp. 216–220. Our cases illustrate this situation.

In City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337, a girl eight years old while walking along a sidewalk which abutted a railroad cut, fell into the cut at a place where it was unguarded. This court, citing

McQuillin, recognized the duty of a municipality to provide a guard in that case. In City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4, the plaintiff at night was walking along a street to a point where it reached a railroad cut at which point there was a bridge, narrower than the street, going across the cut. This left a space of about four feet between the streetcar trestle and the foot passage bridge which space was unguarded. Plaintiff stepped into this open space and suffered serious damage. Recovery was allowed. In City of Anniston v. Greene, 26 Ala.App. 513, 162 So. 570, the city was held liable where a cement sidewalk extended for a half block past an intersection where it terminated on the bank of a creek with an abrupt step into the creek, without any light, bannister or other warnings. An example of the liability of the city even where a defect is created by another is found in City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160. There the city had constructed a driveway across the sidewalk to the street and the vehicular use of the driveway by tenants of an adjacent building created a crack in the sidewalk. The city was nevertheless held liable to a pedestrian who was thereby injured.

But what is the situation in the instant case? There is a slope of Summit Street to its northern dead end. Abutting the street there is a house and lot, the front of the house being only 20 feet from the street. In front of the house and across the front end of the lot is a fence with posts and red reflectors thereon as described in the complaint. In other words there is no excavation, pitfall, declivity or other dangerous condition beyond the street. In order to reach the house from the street as in the present case it was necessary for the occupants of the car to become intruders or trespassers upon the premises of another. 43 C.J. pp. 1037–1039; 63 C.J.S., Municipal Corporations, § 822.

For aught that appears the red reflectors were not placed there by the city and were not on city property. If the reflectors appeared to be the taillights of a car, the driver on the street had no business to crash into the supposed car, all of which brings us to say that the duty of the city should not be confused with the duty owing by the driver to his passengers.

As we have shown the plaintiff must allege facts which show a duty on the part of the municipality and bring the case within § 502. Authorities supra. Upon a consideration of the matter we do not think that the pleader has met the requirements in count one of the complaint.

Count two is similar to count one with the exception that the allegations with reference to the posts and reflectors are omitted from count two. The principles which we have stated as being applicable to count one are clearly applicable to count two.

It results that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.