81 So.2d 688

## OPINION OF THE JUSTICES.

### No. 141.

Supreme Court of Alabama.

July 11, 1955.

Section 1 of Senate Bill No. 2 provides that on September 6, 1955, an election shall be held for the purpose of determining whether or not a convention shall be held to revise and amend the Constitution of the State.

Section 3 of the bill provides: "Be it further enacted that at the time of said election, delegates to such convention shall be elected as follows: * * *".

The House of Representatives
State Capitol

Montgomery, Alabama

Dear Sirs:

We are in receipt of House Resolution No. 5, which propounds the following question:

"Do the provisions of Section 286 of the Constitution, as amended, prohibit the Legislature from providing that the delegates to the proposed convention shall be elected on the same day as the election on the question of convention or no convention, as provided in said bill?"

One of the fundamental principles of our political system is that a state constitution is a limitation on the powers of the legislature. It possesses all power except that which is taken from it by the Constitution. Newberry v. City of Andalusia, 257

Ala. 49, 57 So.2d 629; Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394; State ex rel. French v. Stone, 224 Ala. 234, 139 So. 328. Section 286 of the Constitution of 1901 does not vest in the legislature the power to call a constitutional convention. It only places a limitation on the procedure for calling such convention. There is no requirement in Section 286 as to the election of delegates to a convention. It follows that the answer to the question propounded by House Resolution No. 5 is, No.

Respectfully submitted,

J. ED LIVINGSTON.
THOMAS S. LAWSON.
ROBERT T. SIMPSON.
DAVIS F. STAKELY.
JOHN L. GOODWYN.