The Town of Cardiff, Alabama, issued warrants for the arrest of Roger Dale Ellison for traffic offenses, which included reckless driving, improper tag, failure to yield to a blue light and siren, and driving while his license was suspended. On March 9, 1980, while Ellison was within the town limits of Brookside, officers from Cardiff and Brookside attempted to arrest him. Ellison fled on foot, with the officers in pursuit. One of the officers shot Ellison in the right leg.
Ellison filed an action against both municipalities, alleging that their agents, acting within the line and scope of their employment, negligently and proximately injured him. On April 8, 1985, the day of trial, both municipalities filed a motion to dismiss the action for Ellison's failure to join the arresting officers as defendants. After hearing arguments, the trial court dismissed the action, with 30 days' leave to amend the complaint. Ellison then appealed to this Court, claiming error in the trial court's granting of the motion to dismiss.
The sole issue addressed in this case is whether Ellison was required to join the arresting officers as defendants in his action against the municipalities based on the officers' allegedly negligent conduct in the line of duty. We hold that he was not required to do so, and we reverse the judgment of the trial court.
According to Code of Ala. 1975, § 11-47-190:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty; or unless the said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."
In a long line of cases, this Court has interpreted the statute to limit municipality liability to two distinct classes. In the first classification, the municipality may be liable, under the doctrine of respondeat superior, for injuries resulting from the wrongful conduct of its agents or officers in the line of duty. In the second classification, the municipality may be liable for injuries resulting from its failure to remedy conditions *Page 892 
created or allowed to exist on the streets, alleys, public ways, etc., by "a person or corporation not related in service to the municipality." Isbell v. City of Huntsville, 295 Ala. 380, 330 So.2d 607, 609 (1976); City of Birmingham v. Carle,191 Ala. 539, 542, 68 So. 22, 23 (1915). The municipality must have actual or constructive notice of the condition. If the claim is predicated under the second classification, then the third party shall also be liable. Isbell, supra, 330 So.2d at 609, Carle, 191 Ala. at 541-42, 68 So. at 23. Furthermore, Code 1975, § 11-47-191, provides that when bringing an action under the second classification, the plaintiff must join the third party, unless the mayor or chief executive officer fails to furnish the name of the party within ten days after the plaintiff has made the appropriate demand. Isbell, supra, 330 So.2d at 609. See, also, Hillis v. City of Huntsville, 274 Ala. 663, 151 So.2d 240 (1963); City of Bessemer v. Chambers,242 Ala. 666, 8 So.2d 163 (1942); City of Anniston v. Hillman,220 Ala. 505, 126 So. 169 (1930).
This case falls under the first classification. The arresting officers were agents of the Towns of Brookside and Cardiff and were allegedly acting within the scope of their employment. They were not third parties "not related in service" to the municipalities. The municipalities, therefore, are responsible for their acts under the doctrine of respondeat superior. Furthermore, this case has nothing to do with the defects or conditions of the municipalities' "streets, alleys, public ways or buildings." The facts of this case do not trigger the joinder and notice requirements of Code 1975, §§ 11-47-190 and11-47-191. The trial court erred in granting the municipalities' motion to dismiss. Its judgment is, therefore, reversed, and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.