The defendant City of Lanett appeals from a final judgment based on a jury verdict in favor of the plaintiffs Carolyn Tomlinson and her husband Raymond Tomlinson in a negligence action. We affirm.
On February 2, 1991, Carolyn Tomlinson was driving east on Fourth Street in Lanett. Brenda Sims was traveling south on First Avenue; Sims's car struck Tomlinson's in the intersection of Fourth Street and First Avenue. Tomlinson had the right-of-way; Sims did not see the city-maintained stop sign that warned First Avenue traffic to stop at the intersection, because that sign was lying face-down on the roadside. Tomlinson knew that the stop sign was down. Two days earlier, while walking in the area, she had noticed that the sign was down, but she did not notify the City of Lanett about the condition and she did not take any extra precaution when she drove through the intersection on February 2. Sims, whose driver's license requires her to wear glasses while driving, was not wearing them at the time of the accident, and she did not see Carolyn Tomlinson's vehicle until it was too late for her to avoid the accident.
Carolyn Tomlinson sued Sims and the City of Lanett, alleging that Sims had driven negligently and that the City had negligently maintained the stop sign and that the defendants' negligence had caused her injuries. Carolyn Tomlinson's husband Raymond Tomlinson also sued the City, claiming damages for loss of consortium. Carolyn Tomlinson settled her claim against Sims for $12,500. A jury returned a $237,000 verdict for the plaintiff Carolyn Tomlinson and a $50,000 verdict for her husband. The trial court entered a judgment against the City, awarding Carolyn Tomlinson $100,000 (based on a statutory limit of awards against government entities) and awarded Raymond Tomlinson $50,000. The defendant City appeals. *Page 70 
The City contends here: (1) that the claims against it were barred by the doctrine of contributory negligence, (2) that the trial court should have dismissed the entire action against it after the plaintiff Carolyn Tomlinson settled with the defendant motorist, (3) that the court erred in allowing the jury to hear certain evidence, and (4) that the award to the husband is not proper, in light of the $100,000 statutory cap on awards recovered from governmental entities.
The City's threshold contention is that the trial court violated Ala. Code 1975, § 11-47-191, by not dismissing this action after Carolyn Tomlinson settled with Sims. Initially, we note that §§ 11-47-190 and 11-47-191 of the Code must be read in reference to one another. Isbell v. City of Huntsville,295 Ala. 380, 330 So.2d 607, 609 (1976). Section 11-47-190 states:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his duty, or unless the said injury or wrong was done or suffered through the neglect, carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable to an action for damages by reason of the unauthorized or wrongful acts or the negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured."
(Emphasis added.) The relevant portion of § 11-47-191 states:
 "(a) The injured party, if he institutes a civil action against the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the civil action, and no judgment shall be entered against the city or town unless judgment is entered against such other person or corporation so liable for such injury, except where a summons is returned not found as to a defendant or when judgment is entered in his favor on some personal defense, and if a civil action be brought against the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to the provisions in Section 11-47-190, the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant, if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately, irrespective of this provision."
(Emphasis added.)
This Court has long interpreted § 11-47-190 to limit municipal liability to two distinct classes. The municipality may be liable (1) under the doctrine of respondeat superior for injuries that result from the wrongful conduct of its agents or officers in the line of duty. The municipality may also be liable (2) for injuries that result from its failure to remedy conditions created or allowed to exist on the streets, alleys, or public ways by a person or corporation "not related in service" to the municipality. Ellison v. Town of Brookside,481 So.2d 890, 891 (Ala. 1985). In Ellison, the plaintiff sued two municipalities after being injured by officers attempting to arrest him on outstanding warrants. The trial court dismissed the action because Ellison had not joined the arresting officers as defendants. 481 So.2d at 891. On appeal, this Court reversed the dismissal. We held that Ellison did not have to join the arresting officers, because the case fell under the first classification. The arresting officers were agents of the towns and were allegedly acting within the scope of their employment. Because the officers were not third parties "not related in service" to the municipalities, the municipalities could have been responsible for their acts under the doctrine of respondeat *Page 71 
superior. Ellison v. Town of Brookside, 481 So.2d 890, 892
(Ala. 1985).
This case falls into the first Ellison classification, because here, as in Ellison, the person responsible for maintaining the signs is a City employee. In fact, that person, George Spradlin, is a Lanett police officer and sign inspection duty is a part of his job. There is no dispute that the City is responsible for the sign. Spradlin's failure to properly maintain the sign would be wrongful conduct in the line of duty, for which the City could be responsible under the doctrine of respondeat superior. The City's argument that Tomlinson's claim should have been dismissed because the motorist Sims should have been joined is without merit. In regard to the first Ellison classification, it is clear that Sims was not responsible for maintaining the sign and that she was not an employee of the City. Further, in regard to the second classification, Sims would not need to be joined, because she had nothing to do with the condition of the stop sign or with the City's failure to remedy the condition. Therefore, this case lacks the requisite facts to trigger the joinder requirement of § 11-47-191. The trial court correctly ruled that Tomlinson's out-of-court settlement with Sims did not require a dismissal of the claims against the City.
The City next asserts that the claims against it were barred by the doctrine of contributory negligence. We disagree. Generally, the issue of whether a person is contributorily negligent is a question of fact for the jury. Adams v. CoffeeCounty, 596 So.2d 892, 895 (Ala. 1992). In order to establish the affirmative defense of contributory negligence (which the defendant bears the burden of proving), there must be a showing that the plaintiff had knowledge of the dangerous condition; that he appreciated the danger, under the surrounding circumstances; and that, failing to exercise reasonable care, he placed himself in the way of danger. Chilton v. City ofHuntsville, 584 So.2d 822, 824 (Ala. 1991). Although contributory negligence may be found to exist as a matter of law when the evidence is such that all reasonable people must reach the same conclusion, the question whether a plaintiff was contributorily negligent is normally one for the jury. Chilton, 584 So.2d at 824, Gulledge v. Brown Root, Inc.,598 So.2d 1325, 1327 (Ala. 1992).
Viewing the evidence in the light most favorable to Tomlinson, as our standard of review requires, we cannot say that, as a matter of law, Tomlinson was contributorily negligent. Although it was undisputed that Tomlinson was aware that the stop sign was down, it was a question of fact whether she failed to exercise reasonable care in traveling through the intersection. We note that this contributory negligence argument appears to be hinged on the City's assertion that Sims should have been proceeded against in regard to Tomlinson's claim against the City. This argument is misplaced, because Tomlinson's claim against the City does not concern the physical accident but, instead, the failure to maintain the stop sign. At any rate, we hold that the trial court did not err in submitting the contributory negligence issue to the jury.
The City next insists that the trial court improperly awarded Ray Tomlinson $50,000 on his loss of consortium claim, given the statutory cap on a damages recovery against a governmental entity. The relevant portion of Ala. Code 1975, § 11-93-2, provides:
 "The recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for bodily injury or death for one person in any single occurrence. Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the aggregate where more than two persons have claims or judgments on account of bodily injury or death arising out of any single occurrence."
(Emphasis added.) The clear meaning of the statute is that a single plaintiff can recover no more than $100,000 in damages against a governmental entity. The section further provides that if more than two persons have recoveries, their recoveries are limited to $300,000 in damages based on a "single occurrence." In other words, one person can recover as much as $100,000 on an occurrence, *Page 72 
two persons can recover as much as $200,000 on an occurrence, and three or more persons can recover as much as $300,000 on an occurrence. In this case, Carolyn and Ray Tomlinson each had a claim against the City. For the purpose of § 11-93-2, a "claim" is defined as
 "Any claim against a governmental entity, for money damages only, which any person is legally entitled to recover as damages caused by bodily injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of his employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for such damages under the laws of the State of Alabama."
Ala. Code 1975, § 11-93-1(5). Both Carolyn's claim and Raymond's claim arose from the bodily injury Carolyn suffered as a result of the City's failure to maintain the stop sign at the intersection of First Avenue and Fourth Street. Under §11-93-2, each could recover as much as $100,000 in damages, or together their recoveries could total $200,000. The awards in this case — $100,000 to Carolyn and $50,000 to Raymond — are within the limit.
We find no merit in the City's contention that the court erred in admitting certain evidence.
AFFIRMED.
ALMON, SHORES, KENNEDY and BUTTS, JJ., concur.