The City of Prattville ("the City") appeals from the trial court's order declaring that § 11-93-2, Ala. Code 1975, controls the damages awards for tort claims brought by residents and business owners (collectively "residents") against the City arising from flooding that occurred on September 1, 2000.[1] We affirm the order of the trial court.
The facts are not disputed. On September 1, 2000, eight inches or more of rain fell in the City within a few hours. The City's storm drains and sanitary sewers overflowed, severely damaging a number of residences and businesses. At the urging of the City's mayor, the residents filed itemized claims with the City to recover damages. The City quickly paid the damages claims filed by a few residents, but it now contests a large number of the claims filed by other residents.[2] On December 5, 2000, a number of residents sued the City, alleging various claims arising from the flooding, including negligence, trespass, inverse condemnation, abatable nuisance, 42 U.S.C. § 1983 claims, and claims seeking injunctive relief arising from what the residents argue is the City's failure to properly maintain its storm drains.[3]
The trial court consolidated a number of the cases for discovery purposes. The City moved to stay the proceedings in all cases involving flood damage until it could learn how many people actually intended to sue the City.[4] The trial court denied that motion. The City then moved for a pretrial determination or declaration stating whether § 11-47-190, Ala. Code 1975,[5] *Page 847 
applied to limit its aggregate liability arising from the September 1, 2000, flood. The trial court entered an order stating that the issue of damages for those claims sounding in tort was controlled by § 11-93-2, Ala. Code 1975,[6] not §11-47-190, and that § 11-93-2 did not limit the City's aggregate liability for property damage. The trial court certified its interlocutory order for permissive appeal. The City then petitioned this Court for permission to appeal pursuant to Rule 5, Ala. R.App. P.; this Court granted the City's petition.
This case presents a pure question of law. "`[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo.'" RogersFound. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala. 1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)).
On appeal, the City argues that the trial court erred because, it says, § 11-47-190, Ala. Code 1975, not § 11-93-2, Ala. Code 1975, provides the sole basis for the residents to assert claims against the City and because, the City argues, a 1994 amendment to § 11-47-190 impliedly repealed § 11-93-2 and operated to limit the City's aggregate liability to $300,000 for all property-damage claims arising from the September 1, 2000, flood.
The residents argue that § 11-47-190, Ala. Code 1975, and §11-47-191, Ala. Code 1975, are primarily joinder and indemnification statutes and that § 11-47-190 does not provide the sole basis for their claims against the City. The residents argue that the trial court correctly found that § 11-93-2, Ala. Code 1975, sets out the applicable limits on damages for their negligence, trespass, and nuisance claims against the City. The residents argue that § 11-47-190, Ala. Code 1975, as amended, does not limit municipal liability for property damage because this Court has never applied § 11-47-190, as amended, to limit municipal liability for property damage. See, e.g., Carson v.City of Prichard, 709 So.2d 1199, 1205 (Ala. 1998) (noting that in the 13 years since Home Indemnity Co. v. Anders,459 So.2d 836 (Ala. 1984), was decided, the Legislature had not capped aggregate municipal liability for property damage arising from a single occurrence); Benson v. City of Birmingham, 659 So.2d 82,87 (Ala. 1995) (holding that the 1994 amendment to § 11-47-190, Ala. Code 1975, merely clarifies that the caps on liability provided in § 11-93-2 also apply to limit a municipality's liability when § 11-47-190 or § 11-47-24 require a municipality to indemnify a third party).
We agree with the City that the residents' alleged negligence, trespass, and *Page 848 
nuisance claims fall within the scope of § 11-47-190, Ala. Code 1975. See Home Indemnity Co. v. Anders, 459 So.2d at 839-40
("The first part of § 11-47-190 makes a municipality responsible for the negligent acts of certain classes of people who act for the municipality. The second part of § 11-47-190 codified common-law decisions that a municipality was liable for damages caused by defects in public improvements."); Water Works SewerBd. of Ardmore v. Wales, 533 So.2d 212, 214 (Ala. 1988) ("Under the controlling statutory provision, Ala. Code 1975, § 11-47-190, liability would attach to the Board if 1) an injury resulted from a condition caused by the Board's neglect, or 2) the Waleses' damage came about through the Board's neglect, carelessness or failure to remedy the defect after it had been called to the Board's attention."); Hilliard v. City of Huntsville,585 So.2d 889, 892 (Ala. 1991) ("an actionable nuisance claim against a municipality is dependent upon the plaintiff's ability to maintain a claim under § 11-47-190").
We agree with the residents, however, that their complaints state facially valid inverse-condemnation claims that may be beyond the scope of § 11-47-190, Ala. Code 1975, and that may also escape the limit on aggregate liability in § 11-93-2, Ala. Code 1975. See, e.g., Mahan v. Holifield, 361 So.2d 1076, 1079 (Ala. 1978) (holding that in some cases a property owner may waive tort claim and sue in assumpsit, but also stating that damages recoverable for inverse condemnation under § 235, Ala. Const. 1901, are limited to those capable of being ascertained at the time of the taking, i.e., when the city's works are being constructed or enlarged); City of Birmingham v. Corr,229 Ala. 321, 322-23, 157 So. 56, 57 (1934) (holding that a claim that the city was directly liable for taking land for public use without compensation did not arise under §§ 2029 and 2030, Ala. Code 1923, the predecessor statutes to §§ 11-47-190 and -191); City ofMobile v. Lester, 804 So.2d 220, 230 (Ala.Civ.App. 2001) (noting plaintiffs' contention that the $100,000 cap in § 11-93-2 does not limit damages on an inverse-condemnation claim). We also agree with the residents that § 11-47-190, Ala. Code 1975, is sometimes read as a joinder statute. See City of Lanett v.Tomlinson, 659 So.2d 68, 70 (Ala. 1995) ("we note that §§11-47-190 and 11-47-191 of the Code must be read in reference to one another").
The issue presented by the City's appeal, then, is whether the 1994 amendment to § 11-47-190, Ala. Code 1975, repealed § 11-93-2, Ala. Code 1975, and operates to limit the City's aggregate liability to $300,000 per occurrence on property-damage claims brought by the residents in tort under § 11-47-190. We hold that it does not.
"In determining the meaning of a statute, this Court looks to the plain meaning of the words as written by the legislature."DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270,275 (Ala. 1998).
 "`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Blue Cross Blue Shield of Alabama, Inc. v. Nielsen,714 So.2d 293, 296 (Ala. 1998) (quoting IMED Corp. v. Systems Eng'gAssocs. Corp., 602 So.2d 344, 346 (Ala. 1992)). If it is possible to reconcile different acts under a reasonable construction, then all of the acts should be given effect. SandMountain Bank v. Albertville Nat'l Bank, 442 So.2d 13, 19 (Ala. *Page 849 
1983). "This Court has held that in order for a statute to impliedly repeal a previous statute, the degree of conflict required between the statutes is irreconcilability." City ofMontgomery v. Water Works Sanitary Sewer Bd. of Montgomery,660 So.2d 588, 595 (Ala. 1995) (citing City of Tuscaloosa v.Alabama Retail Ass'n, 466 So.2d 103, 106 (Ala. 1985)). See alsoEx parte Alabama Alcoholic Beverage Control Bd., 683 So.2d 952,956 (Ala. 1996) ("`repeal of a statute by implication is not favored, . . . and a prior act is not repealed unless provisions of a subsequent act are directly repugnant to the former'" (quoting Merrell v. City of Huntsville, 460 So.2d 1248, 1251
(Ala. 1984))).
In 1994, the Legislature amended § 11-47-190 to add the following sentence:
 "However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2
notwithstanding."
Act No. 94-641, p. 1202, § 1, Ala. Acts 1994.[7]
The City agrees with the residents that § 11-93-2, Ala. Code 1975, generally limits the liability of local governmental entities for claims arising in tort. Section 11-93-2, Ala. Code 1975, limits a governmental entity's aggregate liability to $300,000 on multiple bodily injury claims arising from one occurrence; however, it places no aggregate limit on a local governmental entity's liability for property-damage claims payable on multiple judgments arising from the same occurrence. The City argues that the 1994 amendment to § 11-47-190 limited municipal liability to $300,000 on any combination of judgments arising from a single occurrence, and that by implication that amendment to § 11-47-190 repealed § 11-93-2, at least insofar as § 11-93-2 speaks to issues concerning the liability of cities and towns.[8]
We disagree. The sentence added to § 11-47-190 by the 1994 amendment parallels the second sentence of § 11-93-2 limiting a municipality's liability for bodily injury, not property damage.[9] In Home Indemnity Co. v. Anders, supra, this Court determined that § 11-93-2, Ala. Code 1975, created no aggregate limit on the recovery for property damage arising out of a single occurrence. The Court reasoned that the first two sentences of § 11-93-2 discussed bodily injury and the second sentence imposed a cap on aggregate recovery of damages for bodily injury. The third sentence *Page 850 
in § 11-93-2 discussed property damage using language identical to the language in the first sentence discussing bodily injury or death, but § 11-93-2 conspicuously did not include a fourth sentence paralleling the second and imposing an aggregate limit on the recovery of damages for damage to or loss of property. The 1994 amendment to § 11-47-190 simply writes the bodily injury damages cap from § 11-93-2 into § 11-47-190.
The 1994 amendment to § 11-47-190 limits a municipality's liability to "injured persons." The City argues that the phrase "injured persons" as used in § 11-47-190 means all types of injury, including bodily injury and property damage. The City argues that its interpretation is reasonable because "[u]tilizing the term `injured person' to mean both `bodily injury' and `property damage' is typical of numerous Alabama statutes." (The City's brief at 22.) The City cites § 6-5-71, Ala. Code 1975; §8-20-11, Ala. Code 1975; § 8-21A-12, Ala. Code 1975; § 9-16-95, Ala. Code 1975; § 18-1A-282, Ala. Code 1975; and § 37-2-3, Ala. Code 1975, as examples of statutes that use the term "injured person" to refer to both bodily injury and property damage.
None of the statutes cited by the City, however, actually use the phrase "injured person." Section 6-5-71, Ala. Code 1975, uses the phrase "injured in person, property, or means of support." Sections 8-20-11 and 8-21A-12 use the phrase "person who is injured in his business or property." Section 9-16-95 uses the phrase "person who is injured in his person or property." Section18-1A-282 uses the phrase "persons injured and other parties." Section 37-2-3 uses neither the word "injured" nor "person."
In every example cited by the City the word "injured" operates as a verb. In § 11-47-190, the word "injured" operates as an adjective modifying "person." In every case in which the phrase "injured person" appears in the text of an Alabama statute, and in which "injured" operates as an adjective modifying "person," "injured person" refers to a person who has suffered a bodily injury.[10] See, e.g., § 6-5-332, Ala. Code 1975; §11-47-190, Ala. Code 1975; § 11-58-1, Ala. Code 1975; § 11-95-2, Ala. Code 1975; § 22-21-70, Ala. Code 1975; § 22-21-170, Ala. Code 1975; § 22-21-311, Ala. Code 1975; § 25-5-57, Ala. Code 1975; §25-5-80, Ala. Code 1975; § 25-9-60, Ala. Code 1975; § 27-5-6, Ala. Code 1975; § 32-7-23, Ala. Code 1975; § 32-10-2, Ala. Code 1975; § 34-24-55, Ala. Code 1975; § 35-11-370, Ala. Code 1975; §35-11-371, Ala. Code 1975. Therefore, we hold that the phrase "injured person" in § 11-47-190 refers to a person who suffers bodily injury and that the 1994 amendment to § 11-47-190 limits municipal liability only for bodily injuries, not for damage to or loss of property. We reaffirm what we said in Carson, that since Home Indemnity was decided in 1984, the Legislature has not repealed or amended § 11-93-2 to limit a municipality's aggregate liability for property-damage claims arising out of a single occurrence. 709 So.2d at 1205.
The City argues that this construction of § 11-47-190 renders futile the Legislature's action in amending the section. We disagree. In Benson, we noted that the 1994 amendment to §11-47-190 clarified *Page 851 
an apparent conflict between § 11-47-24, Ala. Code 1975, and §11-93-2, Ala. Code 1975. Section 11-47-24, Ala. Code 1975, requires a municipality to indemnify its employees against actions arising from the employees' performance of official duties. Benson argued that the indemnification provision in § 11-47-24, Ala. Code 1975, repealed the limitations on municipal liability provided in §11-93-2, Ala. Code 1975. In Benson, we noted that the 1994 amendment to § 11-47-190, Ala. Code 1975, specifically mentioned §11-47-24, Ala. Code 1975, and operated to clarify that § 11-47-24
did not repeal § 11-93-2, but that the limitations on direct municipal liability provided in § 11-93-2 also applied in cases in which a municipality was required to indemnify an employee.659 So.2d at 86-87.
The City argues that the inclusion of the phrase "any judgment or combination of judgments" in the 1994 amendment to § 11-47-190
operates to repeal § 11-93-2 by implication. We disagree. The reference to "any judgment or combination of judgments" in the 1994 amendment to § 11-47-190 means only that in the case of bodily injury, a municipality is obligated either directly or by way of indemnity to pay no more than $100,000 to an injured person and no more than $300,000 in claims for bodily injury arising out of a single occurrence. A municipality's liability to indemnify its employees for property-damage claims, however, is unlimited in the same way that a municipality's aggregate liability for property-damage claims arising out of a single occurrence is unlimited in § 11-93-2.[11] It is significant that the 1994 amendment to § 11-47-190, by remaining silent as to property-damage claims, parallels the effect of the absent fourth sentence in § 11-93-2 and operates to make a municipality's liability for indemnification identical to its direct liability under § 11-93-2. That is, unlike § 11-93-2, which limits a municipality's direct liability to an individual on property-damage claims arising from a single occurrence to $100,000, the 1994 amendment to § 11-47-190 does not place a similar $100,000 limit on a municipality's obligation to indemnify employees for property-damage claims. An individual employee may himself be liable on multiple judgments for property damage totaling more than $100,000, in which case it would make no sense for the Legislature to have set a cap on a municipality's obligation to indemnify employees for property-damage claims at only $100,000.
Therefore, we conclude that the 1994 amendment to § 11-47-190
did not impliedly repeal § 11-93-2, but operates to clarify the relationship between § 11-47-190, § 11-47-24, and § 11-93-2. We affirm the trial court's order holding that the liability limits in § 11-93-2 control as to the City's tort liability in these cases.
AFFIRMED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., dissents.
[1] The City styled its motion seeking the declaration "Defendant's Motion for a Pretrial Determination, or in the Alternative a Motion for a Declaratory Judgment."
[2] The residents argue that the City's decision to pay some claims and not others is arbitrary. The residents argue, for example, that the City's mayor admitted during his deposition that the City paid one claimant to repair damage to a swimming pool and also paid the same claimant "for his own time . . . $250 to clean his own yard." The original trial judge in this case recused himself because the City paid his claim for damages arising from the September 1, 2000, flooding.
[3] This case involves three separate actions: Cox v. City ofPrattville, Corley v. City of Prattville, and Cranmore v. Cityof Prattville, which have been consolidated on appeal for purposes of writing one opinion.
[4] The City argued in its motion to stay that 100 homes and 30 businesses flooded when the sewerage lines backed up on September 1, 2000. As of the time the City filed its motion to stay, at least 20 people had sued the City and at least 40 other people had filed statutory claims pursuant to § 11-47-23, Ala. Code 1975, for damages arising from the September 1, 2000, flooding.
[5] Section 11-47-190 provides:
 "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2
notwithstanding."
[6] Section 11-93-2 reads:
 "The recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for bodily injury or death for one person in any single occurrence. Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the aggregate where more than two persons have claims or judgments on account of bodily injury or death arising out of any single occurrence. Recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for damage or loss of property arising out of any single occurrence. No governmental entity shall settle or compromise any claim for bodily injury, death or property damage in excess of the amounts hereinabove set forth."
[7] In 1994, the Code Commissioner inserted the word "in" preceding "the provisions of Section 11-93-2" in this sentence for "clarity."
[8] The City argues that the scope of § 11-47-190, Ala. Code 1975, is narrower than the scope of § 11-93-2, Ala. Code 1975. Section 11-47-190 speaks to issues concerning the liability of "cities or towns." Section 11-93-2, in contrast, speaks to issues concerning the tort liability of "[a]ny incorporated municipality, any county and any department, agency, board or commission of any municipality or county, municipal or county public corporations and any such instrumentality or instrumentalities acting jointly," as well as "county public school boards, municipal public school boards and city-county school boards." Finally, it also reaches "county or city hospital boards." § 11-93-1(1).
[9] The second sentence of § 11-93-2 reads:
 "Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the aggregate where more than two persons have claims or judgments on account of bodily injury or death arising out of any single occurrence."
[10] The title, not the text, to § 8-19A-23, Ala. Code 1975, reads "Injured person's right of recovery; Deceptive Trade Practices Act." In this one instance, "injured person" refers to all types of injury, not bodily injury only. Section 1-1-14, Ala. Code 1975, provides that titles are not part of the law and that no inference or presumption shall be drawn from the title. The text of § 8-19A-23 does not use the term "injured person."
[11] The City also argues that the last clause in the 1994 amendment to § 11-47-190 signals the Legislature's intent to repeal § 11-93-2 by implication. The last clause reads: "the limits set out in the provisions of Section 11-93-2
notwithstanding." As drafted by the Legislature (without the word "in"), see note 7, the clause is ambiguous. Because § 11-93-2
does not itself clearly limit a municipality's obligation to indemnify its workers under the requirements of § 11-47-24, it would be reasonable to conclude that the Legislature intended the reference to § 11-93-2 merely to indicate that the Legislature meant that, notwithstanding the limits set in § 11-93-2, a municipality's obligation to indemnify its employees is also subject to limit. *Page 852