PER CURIAM.
The City of Huntsville (“City”), a municipal defendant, filed a petition for permission to appeal two interlocutory orders dismissing nonmunicipal defendants, The Ledges of Huntsville, Ltd., and Jones Valley Development Co., Inc., from an action filed by Bobby J. Lane and his wife, Edna R. Lane. See Rule 5, Ala. R.App. P. The Lanes assert various claims against the defendants, including trespass and negligence and wantonness, and, against the City, inverse condemnation. This Court granted the petition for permission to appeal. We now dismiss the appeal based upon our determination that the issue presented is not ripe for decision at this juncture of the proceedings.

Facts

On June 28, 1999, Aldridge Creek flooded the house belonging to Bobby J. Lane *276 and Edna R. Lane. The Lanes claimed that the flooding was a result of the development by the defendants (The Ledges, Jones Valley Development, and others) of real property in and adjacent to the Al-dridge Creek floodplain. The Lanes also blame the flooding on the failure of the City to properly maintain the Aldridge Creek channel and the channels of other tributaries in the Aldridge Creek drainage area and the failure of the City to properly enforce flood regulations in the area.
On June 25, 2001, the Lanes sued the City and other defendants, including The Ledges and Jones Valley Development, in the Madison Circuit Court. An amended complaint, filed on July 24, 2002, asserted an inverse-condemnation claim against the City and claims of trespass, wanton and reckless trespass, and negligence and wantonness against the City and the other defendants. On or about July 1, 2003, the Lanes filed a motion to dismiss The Ledges, as the result of a pro tanto settlement entered into by The Ledges and the Lanes. On July 7, 2003, the circuit court granted the Lanes’ motion to dismiss The Ledges as a defendant.
On July 18, 2003, the City moved the circuit court, pursuant to Rules 59(e) and 41(a)(2), Ala. R. Civ. P., to vacate its order dismissing The Ledges, or, in the alternative, to alter or amend its order dismissing The Ledges, so as to condition the dismissal of The Ledges upon the contemporaneous dismissal of the City, in accordance with the provisions of § 11-47-191, Ala. Code 1975.
On or about August 12, 2003, the Lanes filed a motion to dismiss Jones Valley Development, as the result of a pro tanto settlement entered into by Jones Valley Development and the Lanes. On August 13, 2003, the City filed an opposition to the motion to dismiss Jones Valley Development; it requested that the circuit court condition any dismissal of Jones Valley Development upon the contemporaneous dismissal of the City, in accordance with the provisions of § 11-47-191, Ala.Code 1975.
On August 15, 2003, the circuit court heard testimony from all parties on the City’s motion to alter, amend, or vacate the circuit court’s order dismissing The Ledges and on the Lanes’ motion to dismiss Jones Valley Development pursuant to the pro tanto settlement entered into by the Lanes and Jones Valley Development. At the hearing, all parties agreed that the Lanes had entered into settlement agreements with The Ledges and Jones Valley Development; that The Ledges and Jones Valley Development could satisfy or did satisfy the terms of their settlement agreements with the Lanes; and that The Ledges and Jones Valley Development should be dismissed as defendants in this action. The Lanes and the City disagreed, however, as to whether the dismissals of The Ledges and Jones Valley Development required the contemporaneous dismissal of the City as a defendant.
On August 25, 2003, the circuit court, over the City’s opposition, granted the Lanes’ motion to dismiss Jones Valley Development, without conditioning that dismissal on, or otherwise requiring, the contemporaneous dismissal of the City as a defendant. The City asserts that § 11-47-191, Ala.Code 1975, requires its dismissal.
On or about September 10, 2003, the circuit court denied the City’s motion to vacate the July 7, 2003, order dismissing The Ledges, or to alter or amend the order so as to condition the dismissal of the Ledges upon the contemporaneous dismissal of the City, again pursuant to § 11-47-191, Ala.Code 1975.
*277 On September 25, 2003, the City moved the circuit court to certify, pursuant to Rule 5(a), Ala. R.App. P., (1) that the circuit court’s interlocutory orders of August 25 and September 10, 2003, dismissing Jones Valley Development and The Ledges, without conditioning those dismissals on, or otherwise requiring, the contemporaneous dismissal of the City, involve a controlling question of law as to which there is substantial ground for difference of opinion; (2) that an immediate appeal from those orders would materially advance the ultimate termination of the litigation; and (3) that an immediate appeal would avoid protracted and expensive litigation. The City also requested that the circuit court include, within its certification, a statement of the controlling question of law, as required by Rule 5(a), Ala. R.App. P.
On October 16, 2003,' the circuit court issued the Rule 5(a) certification, including in its certification a statement of the controlling question of law. On October 30, 2003, the City filed a petition for permission to appeal with this Court. On December 4, 2003, this Court granted the City’s petition for permission to appeal. We now consider the appeal.

Analysis

The controlling question of law before this Court, as stated by the circuit court in its certification, is as follows:
“Whether the provisions of section 11-47-191 of the Alabama Code [1975], under which an Alabama municipality enjoys the unique statutory privilege of being secondarily liable in all cases where there is any possibility of liability on the part of some other non-municipal defendant not related in service to the defending municipality, require the trial court to condition plaintiffs’ settlements with, and subsequent dismissal of, non-municipal defendants upon the contemporaneous dismissal of a co-defending municipality?”
Specifically, the City asserts that § 11-47-191, Ala.Code 1975, which provides defending cities with the statutory protection of secondary liability in certain' circumstances, required the circuit court to dismiss the City in light of the Lanes’ pro tanto settlements with, and subsequent dismissal of, nonmunicipal defendants The Ledges and Jones Valley Development.
The relevant subsections of § 11-47-191, Ala.Code 1975, at issue in this case provide as follows:
“(a) The injured party, if he institutes a civil action against the municipality for damages suffered by him, shall also join such other person or persons or defendants of the civil action, and no judgment shall be entered against the city or town unless judgment is entered against such other person or corporation so liable for such injury, except where a summons is returned not found as to a defendant or when judgment is entered in his favor on some personal defense, and if a civil action be brought against' the city or town alone and it is made to appear that any person or corporation ought to be joined as a defendant in the action according to he provisions of Section 11^17-190, the action shall be dismissed, unless the plaintiff amends his complaint by making such party or corporation a defendant, if a resident of the state, but no person shall be sued jointly with the city or town who would not be liable separately,, irrespective of this provision.
“(b) When' a judgment shall be obtained against a municipality and the other party liable as provided in subsection (a) of this section, execution shall issue against the other defendant or defendants in the ordinary form and shall not be demandable of the city or town *278 unless the other defendants are insolvent and the same cannot be made out of their property, and the city or town shall pay only so much of the said judgment as cannot be collected from the other defendants.”
Moreover, § 11^17-190, Ala.Code 1975, provides, in pertinent part, “that whenever a city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured.” See Hollingsworth v. City of Rainbow City, 826 So.2d 787, 791 (Ala.2001). This Court has interpreted § 11-47-190 “to limit municipality liability to two distinct classes.” Ellison v. Town of Brookside, 481 So.2d 890, 891 (Ala.1985).
“In the first classification, the municipality may be liable, under the doctrine of respondeat superior, for injuries resulting from the wrongful conduct of its agents or officers in the line of duty. In the second classification, the municipality may be liable for injuries resulting from its failure to remedy conditions created or allowed to exist on the streets, alleys, public ways, etc., by ‘a person or corporation not related in service to the municipality.’ ”
481 So.2d at 891-92. Furthermore, “if the claim is predicated under the second classification, then the third party shall also be liable.” 481 So.2d at 892.
The City asserts that this case clearly falls into the second classification, in which a “municipality may be liable for injuries resulting from its failure to remedy conditions created or allowed to exist on the streets, alleys, public ways, etc., by ‘a person or corporation not related in service to the municipality.’ ” Ellison, 481 So.2d at 891-92. In this case, The Ledges and Jones Valley Development actively developed real estate adjacent to or near the Lanes’ property. The developments allegedly caused runoff and discharge from Al-dridge Creek to flood the Lanes’ house. The City, the Lanes specifically assert, was negligent in that the City did not prevent the flooding by enforcing regulations and maintaining flood controls. The language used by the Lanes in their complaint lays blame on the City simply for not doing anything about the potential for and the actual flooding.
Furthermore, The Ledges and Jones Valley Development are entities “not related in service to the municipality.” 481 So.2d at 892. The Ledges and Jones Valley Development are private entities that specialize in developing real estate and are “not related in service” to the City. Therefore, the City argues, this case obviously falls into the second classification, and § ll-47-191(a) and (b) apply in this situation.
The City also points out that The Ledges and Jones Valley Development entered into the pro tanto settlements for amounts they were willing to pay, rather than for amounts they were able to pay. According to § 11 — 47—191(b), Ala.Code 1975, “[w]hen a judgment shall be obtained ... execution shall issue against the other ... defendants ... and shall not be demandable of the city or town unless the other defendants are insolvent and the same cannot be made out of their property....” According to the City, because The Ledges and Jones Valley Development settled for an amount less than would render them insolvent, the Lanes cannot pursue their action against the City for the remaining damages. Therefore, the City argues, it is due to be dismissed from the case with regard to the trespass, negligence, and wantonness claims.
*279 The Lanes assert that this Court’s decisions in City of Lanett v. Tomlinson, 659 So.2d 68 (Ala.1995), and relevant cases that followed control the instant case. In City of Lanett, Tomlinson was involved in a motor-vehicle accident and brought a negligence action against both the City of Lanett for failure to properly maintain a stop sign and the other driver for negligently operating her vehicle. Tomlinson entered into a pro tanto settlement with the driver of the other vehicle for $12,500. 659 So.2d at 69. After Tomlinson settled her claims against the other driver, the City of Lanett argued that § 11 — 47—191(b), Ala.Code 1975, precluded further recovery against the City of Lanett. 659 So.2d at 70. This Court rejected the City of Lan-ett’s defense, but only after concluding that the second driver “had nothing to do with the condition of the stop sign or the [City of Lanett’s] failure to remedy the condition.” 659 So.2d at 71.
Because this case comes before us as a permissive appeal at the motion-to-dismiss stage, we have only the allegations of the complaint rather than a detailed factual record to consider.
The factual allegations of the Lanes’ amended complaint are as follows:
“Each of the defendants, including [sic], except the City of Huntsville, are developers of real property and developed real property in and adjacent to the Aldridge Creek flood plain in Huntsville, Madison County, Alabama.
“On or about June 28, 1999, the plaintiffs’ home was flooded by Aldridge Creek as a result of the defendants’ development of real property in and adjacent to the Aldridge Creek flood plain, the failure of the City of Huntsville to properly maintain the Aldridge Creek channel and the channels of other tributaries in the Aldridge Creek drainage area, and the failure of the City of Huntsville to properly enforce flood regulations in said area.
“On or about June 28, 1999, as a result of the flooding, the plaintiffs suffered personal injuries, property damage and loss of market value of their realty.”
Paragraph 19 of their complaint alleges that The Ledges and Jones Valley Development knew
“that their actions in developing real property in or adjacent to the Aldridge Creek flood plain and the failure by the City of Huntsville to enforce flood regulations and to properly maintain the channels of Aldridge Creek and other tributaries feeding into Aldridge Creek would cause flooding of the plaintiffs’ property under foreseeable rain conditions.”
Paragraph 15 alleges that “the actions of the defendants ... caused flood waters and debris to accumulate on and around the plaintiffs’ property.” Paragraph 20 asserts that the defendants “have failed or refused to take appropriate, sufficient measures to control the flow and discharge of rain water into Aldridge Creek and the tributaries feeding into Aldridge Creek.” Paragraph 25 charges that The Ledges and Jones Valley Development “failed to adequately control the discharge of rain water into Aldridge Creek and its tributaries.”
For all that appears from these allegations, The Ledges and Jones Valley Development did not create or allow to exist (in the words of Ellison, supra) any defective conditions in the Aldridge Creek channel or the channels of its tributaries. Rather, they are charged only with causing increased rainwater runoff into the feeder system of Aldridge Creek.
This case is presented to us for resolution under Rule 5, Ala. R.App. P., at the motion-to-dismiss phase of the case. Our *280 review of the record before us causes us to conclude that the facts, as opposed to allegations, are not adequately developed and are certainly not undisputed. The City may be entitled to a dismissal under § 11— 47-190 and -191 at some point in these proceedings once the facts are developed and the Lanes’ theories of liability are focused. The state of the record at this time, however, does not allow a definitive answer to the question of law presented.
The Lanes also made an inverse-condemnation claim against the City. In City of Prattville v. Corley, 892 So.2d 845, 848-49 (Ala.2003), this Court stated that while “the residents’ alleged negligence, trespass, and nuisance claims fall within the scope of § 11^47-190, Ala.Code 1975,” their alleged inverse-condemnation claims “may be beyond the scope of § 11-47-190, Ala.Code 1975.” Because the Lanes’ inverse-condemnation claims against the City are beyond the scope of § 11-47-190, Ala.Code 1975, those claims are not implicated by the controlling question of law presented to this Court in the trial judge’s Rule 5(a), Ala. R.App. P., certification.

Conclusion

Because the record is not sufficiently developed to permit us to answer the controlling question of law presented, the appeal is dismissed.
APPEAL DISMISSED.
NABERS, C.J., and HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.