In my opinion, this Court, in granting the Poffenbargers permission to appeal, has ignored the plain requirement of Rule 5, Ala. R.App. P., that the order appealed from involve "a controlling question of law." Consequently, I repeat what I have previously said under similar circumstances:
 "Under Rule 5, Ala. R.App. P., an appeal by permission may be allowed where an `interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion.' (Emphasis added.) Here, although the interlocutory order involves a question of law, it certainly does not involve a `controlling' question of law. Therefore, I must respectfully dissent, because I would dismiss the appeal without prejudice."
City of Prattville v. Corley, 892 So.2d 845, 852
(Ala. 2003) (Woodall, J., dissenting).
In urging this Court to grant the Poffenbargers permission to appeal, Merit stated:
 "Defendants agree that an immediate appeal would materially advance the termination of this litigation and avoid future litigation. [The Poffenbargers] are likely to be more amenable to settlement if this Court affirms the trial court's order. Additionally, an affirmance would prevent litigation by other owners of oil field property having unreasonable expectations of receiving windfall awards with no requirement that the money be spent on remediation."
As I stated in Corley, "[w]hile [an] interest in settlement is understandable, and while pretrial settlements are to be encouraged, *Page 804 
those factors do not make the issue presented `controlling' for purposes of Rule 5." 892 So.2d at 852 (Woodall, J., dissenting).
BOLIN, J., concurs.